**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD CLARK,** | |
| *Petitioner*, | **Civil Action** |
| *v.* | **No. 10-cv-3164** |
| **JEFFREY A. BEARD,** | |
| *Respondent.* | |

<u>**MEMORANDUM OPINION**</u>

**GOLDBERG, J.**                                                              **August 14, 2024**

Petitioner Ronald Clark brought this federal habeas action in 2010 to challenge his 1994 state conviction for first degree murder and other charges, for which he is serving a life sentence. Clark's petition was denied in 2015 by the Honorable Edward G. Smith, and the case has since been reassigned to my docket. Clark now moves for appointment of counsel to file an amendment or supplement to his habeas petition. Because Clark's habeas petition has already been denied, and Clark lacks a basis for setting that judgment aside, the motion to appoint counsel will be denied.

## I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

### A.   **Conviction, PCRA Review, and Habeas Review**

In December 1994, Clark was convicted in the Philadelphia Court of Common Pleas of first degree murder and related charges. He was initially sentenced to death, but the death sentence was later vacated and he is now serving a sentence of life imprisonment.

In 1999, following an unsuccessful appeal, Clark filed a petition for review under Pennsylvania's Post-Conviction Relief Act (PCRA). One issue related to a letter purportedly

written by a trial witness, Sherry Taggart, stating that police encouraged her to identify Clark in a photo array and that she did not actually know who committed the murder. <u>Commonwealth v. Clark</u>, 961 A.2d 80, 86 (Pa. Super. Ct. 2008). The letter had been written before trial and was known to defense counsel, but counsel made a strategic decision not to cross-examine Taggart with it because he feared it could "blow up" if Taggart described being "threatened" or "forced" to recant. Indeed, when Taggart testified before the PCRA Court, she could not recall even writing the letter, and the Court concluded she either did not write it or did not do so "willingly and independently." <u>Id.</u> at 87. The Court also found that Taggart's letter, and her "equivocal" response to it, would not have altered the jury's verdict. <u>Id.</u> at 88.

In 2010, Clark filed the instant federal habeas proceeding, raising several claims not at issue here. The Honorable Edward G. Smith denied the petition on November 18, 2015.

### B.        Proceedings Related to Allegations of Police Misconduct

In 2018, Clark alleges he discovered a news article stating that two detectives involved in case, Frank Jastrzembski and Manuel Santiago, had engaged in misconduct in other cases, including an incident just prior to Clark's December 1994 trial. Specifically, on October 3, 1994, a lawyer representing Detective Santiago wrote a letter to the judge overseeing another criminal case that Santiago would invoke his Fifth Amendment privilege against self-incrimination rather than respond to accusations that he had given perjured testimony. (ECF No. 69 at pdf page 88.)

On March 30, 2018, Clark filed a new PCRA petition, raising, among other claims, that the Commonwealth violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), by failing to turn over evidence of Santiago's Fifth Amendment invocation. Clark argued that Jastrzembski's and Santiago's misconduct in other cases strengthened his argument that they had coerced Taggart's identification. The PCRA Court accepted Clark's PCRA petition as timely but denied relief on the

merits, principally because there was no evidence that Jastrzembski and Santiago had committed misconduct in Clark's own case. The PCRA Court also noted that Taggart's alleged "recantation" letter had been scrutinized in a prior PCRA proceeding, and Taggart could not recall even writing it. Thus, there had been no credibility challenge between Taggart and the detectives—and evidence that merely impeached the detectives' credibility would have been unhelpful. (ECF No. 69-1 at pdf pages 56-59.) On appeal, the Superior Court decided that Clark's PCRA petition was untimely because he had not explained why he could not have discovered the detectives' misconduct sooner with reasonable diligence, without reaching the merits. Commonwealth v. Clark, No. 2142 EDA 2021, 2023 WL 2151613, at *4 (Pa. Super. Ct. Feb. 22, 2023).

On February 27, 2023, Clark filed a motion in the federal habeas case to alter the judgment under Rule 60(b), based on the same newly discovered alleged Brady violation underlying his PCRA petition. (ECF No. 69.) Judge Smith determined that Clark's 60(b) motion was really a successive habeas petition because it sought to add a new claim, meaning Clark needed permission from the Court of Appeals under 28 U.S.C. § 2244(b). (ECF No. 79.) Judge Smith forwarded Clark's motion to the Third Circuit, which denied permission on July 17, 2023, writing:

> Petitioner's application to file a second or successive habeas corpus petition is denied. Petitioner has not shown that the newly-discovered evidence that he proffers is sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. See 28 U.S.C. § 2244(b)(2)(B). …

No. 23-1949, Doc. 9.

Clark filed another Rule 60(b) motion on August 2, 2023, again based on the detectives' misconduct but this time supported by the additional fact that the detectives had been indicted for perjury. (ECF No. 81.) Judge Smith concluded that this 60(b) motion was again a successive habeas petition, and denied it. (ECF No. 85.) The Third Circuit declined to issue a certificate of appealability, writing:

> … Jurists of reason would not debate whether the District Court abused its
> discretion in dismissing Appellant's Rule 60(b) motion. … Appellant's Rule
> 60(b) motion, which attacked the validity of his convictions, was properly
> viewed as an attempt to bring a second or successive petition pursuant to 28
> U.S.C. § 2254. … To bring a second or successive § 2254 petition, a petitioner
> must obtain authorization from the court of appeals. <u>See</u> 28 U.S.C. 2244(b).
> Because Appellant did not have that authorization, the District Court correctly
> dismissed the Rule 60(b) motion for lack of jurisdiction. …

No. 23-2850, Doc. 16-1.

While that appeal was pending, this case was reassigned to my docket.

### C.    Present Request for Counsel

Clark has now requested appointment of counsel so that he can file an amendment or
supplement to his habeas petition, again raising a <u>Brady</u> claim related to Jastrzembski's and
Santiago's misconduct. This time, Clark makes the new argument that a <u>Brady</u> claim is not "second
or successive" if the petitioner was unaware of its factual predicate at the time of a prior habeas
petition. Thus, in Clark's view, he need not obtain permission from the Court of Appeals to pursue
his claim in this Court.

## II.    <u>DISCUSSION</u>

In considering whether to appoint counsel, a court should determine whether the party
seeking counsel has a claim of "arguable merit." <u>Houser v. Folino</u>, 927 F.3d 693, 698 (3d Cir.
2019). Here, Clark frames his request as one to file an amendment or supplement to his habeas
petition, but, because that petition has already been denied, it is properly analyzed as a request to
set aside a final judgment under Rule 60(b). This would be a "true" Rule 60(b) motion (as opposed
to a new habeas claim) because it challenges the correctness of Judge Smith's determination that
a <u>Brady</u> claim based on the Jastrzembski's and Santiago's misconduct would be "second or
successive" under § 2244(b). <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531 (2005). I thus must

determine whether there is arguable merit to the claim that Judge Smith's decision should be set aside.

In making that determination, I note that a final judgment will not be set aside merely based on a disagreement with its correctness—there must be "extraordinary circumstances" justifying a different outcome. Cramer v. Superintendent, SCI Coal Towsnhip, No. 18-cv-396, 2018 WL 1251981, at *1 (M.D. Pa. Mar. 12, 2018). And Rule 60(b) is not an appropriate way to raise "new arguments" not raised previously. In re Express Car & Truck Rental, Inc., 455 B.R. 434, 439 (Bankr. E.D. Pa. 2011). Here, there is no binding authority in the Third Circuit to support Clark's position that a Brady claim is not "second or successive" if its factual predicate was unknown to the petitioner at the time of a prior habeas petition. See Storey v. Lumpkin, 142 S. Ct. 2576, 2578 n.1 (2022) (Sotomayor, J., dissenting) (listing Courts of Appeals that have decided the issue). A panel of the Third Circuit has suggested, albeit without deciding, that analogous language in § 2255 (for federal criminal defendants) bars a subsequent petition even if it rests on newly discovered facts. Balter v. United States, 858 F. App'x 572, 574-75 (3d Cir. 2021). The reasoning is that Congress provided a rule for how to handle new facts—they must be so exculpatory that "no reasonable factfinder would have found the applicant guilty of the underlying offense"—and it is therefore inappropriate for courts to bypass Congress's framework by exempting new facts from § 2244(b) entirely. For these reasons, regardless of how the Third Circuit or the Supreme Court ultimately interpret § 2244(b), Judge Smith's decision was a reasonable application of existing law (affirmed by the Third Circuit) that cannot be overturned under Rule 60(b). Clark also did not raise his proffered interpretation of § 2244(b) in his earlier motions, and it therefore cannot be raised after a final judgment has been issued. Express Car & Truck Rental, 455 B.R. at 439.

In addition, in evaluating Clark's possible Rule 60(b) motion, it is "appropriate … to assess the merits of [the underlying] [habeas] claim" he seeks to litigate. Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014). While I do not make an ultimate determination of whether Clark's Brady claim would succeed, I note that it faces substantial obstacles given the factual findings of the state courts in Clark's PCRA proceedings, to which a federal court owes great deference. 28 U.S.C. § 2245(d), (e). As the PCRA Court noted in denying Clark's 2018 PCRA petition, Clark has not offered evidence that detectives Jastrzembski and Santiago engaged in misconduct in his case, only in other cases. While past misconduct might be relevant to credibility, Clark's claim of witness coercion was not rejected based on credibility but because Taggart did not even author her alleged recantation—or did so unwillingly. Clark, 961 A.2d at 87. As the 2018 PCRA Court recognized, that finding makes it hard to see how evidence impeaching the detectives' credibility would have had any substantial effect on Clark's trial. (ECF No. 69-1 at pdf pages 56-59.) In a federal habeas case, Clark would have to overcome a heavy burden to show that these state-court determinations were "unreasonable." 28 U.S.C. § 2254(d). Therefore, even if Clark were permitted to litigate his Brady claim, he is unlikely to succeed on it.

For these reasons, I conclude that relief is not warranted under Rule 60(b). Judge Smith's determination that Clark's Brady claim would be "second or successive" will stand. Because the Third Circuit has already denied Clark permission to bring that claim, any motion in this Court to add such a claim would be futile. I will therefore deny Clark's motion to appoint counsel.

## III.   **CONCLUSION**

For the reasons set out above, Clark's motion to appoint counsel will be denied.

An appropriate order follows.